UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN C. POWERS,<br><br>                       Plaintiff,<br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, ELDON VAIL, RONADL FRAKER, BRENT CARNEY, JAY A. JACKSON, and JAMIE CALLEY,<br><br>                       Defendants. | No. C11-5806 RBL/KLS<br><br>**ORDER DENYING MOTIONS TO COMPEL AND FOR EXTENSION OF DISCOVERY** |

Before the Court are Plaintiff's Motions for Extension of the Discovery Deadline and to Compel Discovery. ECF Nos. 18 and 19. The Court finds the motions should be denied because Plaintiff did not include a certification in his motions that he conferred with counsel for Defendants before he filed his motions and because the evidence before the Court is that the motions are moot.

## BACKGROUND

Plaintiff Bryan Powers filed a civil rights complaint against the Defendants on October 21, 2011. ECF No. 7. On January 23, 2012, Defendants received from Mr. Powers a discovery request titled "Plaintiff's First Request for Production of Documents." ECF No. 20, Exhibit 1(Declaration of Brian J. Considine), ¶ 3. On February 16, 2012, Defendants served Mr. Powers with their objections and responses to his discovery request and made available to Plaintiff 2,571

ORDER - 1

pages of responsive documents. *Id.*, ¶ 4. A cover letter was attached to the discovery response informing Mr. Powers that he had the option of sending a representative to view the documents on his behalf, have the documents sent to him on a CD, or Defendants would provide copies of the requested records at a rate of 10 cents per page, in addition to postage costs. *Id.*, ¶ 4. On February 29, 2012, Defendants' counsel received a letter from Mr. Powers requesting that counsel send the responsive documents to Mr. Powers on CD. *Id.*, ¶ 5. Defendants' counsel failed to send the CD to Mr. Powers, but states that his failure to do so was an oversight and was not intentional. When he received a copy of Mr. Powers' motion to compel on May 21, 2012, he sent the CD containing the 2,571 pages of responsive documents, as well as a privilege log in the mail to Mr. Powers per his request. *Id.,* ¶ 6, 7. Mr. Powers never attempted to contact Defendants' counsel regarding his discovery request prior to filing his Motion. *Id.*, ¶ 8.

In his motion for a thirty day extension of the discovery deadline, Plaintiff states that he has received no documents from his discovery requests sent to Defendants in January. ECF No. 18. In his motion to compel, Plaintiff requests an order compelling the production of documents responsive to his discovery requests on CD. ECF No. 19. Neither motion contains a certification pursuant to Fed.R. Civ. P. 37(a)(2)(B).

## DISCUSSION

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with

ORDER - 2

a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

It appears that Mr. Powers has received the relief requested in his motions. Defendants' counsel sent Mr. Powers the requested documents on CD on May 21, 2012. ECF No. 20, Exh. 1, at ¶ 7. Defendants' counsel did not intentionally withhold any discoverable documents and his failure to send them earlier appears to have been an oversight. *Id*. at ¶¶ 6, 8. Additionally, Mr. Powers failed to confer, or attempt to confer, with Defendants' counsel regarding the Defendants' discovery responses prior to filing his motions pursuant to Fed. R. Civ. P. 37(a)(1).

The Court anticipates that the parties will confer and make a good faith effort to resolve their discovery disputes without Court interference. If the parties cannot amicably resolve their discovery disputes, either party may then file a motion to compel. However, the motion must include a certification stating that their efforts were unsuccessful and shall identify those areas of disagreement that remain unresolved. The Court will not address any motion which lacks such a certification.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion for extension of time (ECF No. 18) and motion to compel (ECF No. 19) are **DENIED.**

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 29th day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3